CLARENCE E. MCINTIRE, in equity, *vs.* RUEL ROBINSON and others.

Knox.    Opinion June 5, 1889.

*Insolvency.   Irregular dismissal.   Void record.   Notice to creditors.*
R. S., c. 70, § 13.

Where a decree, dismissing proceedings in insolvency was granted upon motion of a creditor, which did not state any reason as the ground of the dismissal; upon a bill in equity by the debtor under R. S., c. 70, § 13, to have the decree revised and his case restored, *Held*, that the dismissal was irregular, no cause having been assigned.   The decree is in the nature of a judgment, and the particular facts necessary to sustain it will not be presumed.   If such facts do not appear in the jurisdiction exercised by courts of record, dependent upon special statutes, the judgment will be treated as void.

A dismissal of a petition in insolvency, after an adjudication and the issuing of a warrant, should take place only with the consent of creditors and after proper notice to all parties interested.

ON REPORT.

Bill in equity certified to the full court for decision, in vacation, under R. S., c. 70, § 13, by the presiding justice, upon the request of the parties.

The bill alleged, in substance, that the plaintiff filed his petition in insolvency, in the insolvent court for Knox county, March 14, 1888, and that a warrant was issued thereon March 20, returnable April 17, 1888.   The messenger gave the public notice required by law.   He returned the warrant at the time fixed for the first meeting and reported that he had not notified the creditors by mail, as no schedule of the creditors had been fur-

nished him by the debtor, he being temporarily out of the state. His attorney was unable to find the schedule, which the debtor left with him, in season for due service upon creditors by mail.

The case was continued to May 15, and on motion of the plaintiff's counsel a new warrant was issued returnable at that time. The new warrant was properly served and returned by the messenger May 15. When the first warrant was returned April 17, the defendant, Witherspoon, one of the creditors, appeared by his attorney and moved that the petition of the debtor and all proceedings thereon be dismissed. A hearing on the motion was assigned to take place on the same day to which the new warrant was returnable. A hearing was had on the last named day upon this motion, and thereupon the judge ordered and decreed that the plaintiff's petition be dismissed; which order and decree was erroneous in law, because said judge had no power to dismiss said petition for any of the aforesaid causes, which were all the causes shown therefor; and because said judge should have proceeded under said new warrant, all persons interested having had due and proper notice, of the return day thereof and of the proceedings thereon; and if the proceedings, subsequent to the filing of said petition, had been irregular said judge should have retained said petition, and new proceedings should have been had thereon, according to the course of law, in insolvency proceedings.

A general demurrer, after hearing, having been overruled, the defendants filed an answer to the bill. It admits the formal proceedings set out in the bill, and denies that the debtor was, at the time of the filing of the petition, within the jurisdiction of the court of insolvency. They say that the messenger made no return on the first warrant, but reported to the court that he was unable to find the insolvent, or get any schedule of creditors from him, or any list of assets, or to find out by his solicitor, or any other person, his whereabouts or when he would return; that his solicitor then and there being present, did not know where he was, or when he would return; that said insolvent was out of the state at the time; that because he could not be found and by reason of the other facts, defendant, Witherspoon, moved to dis-

miss the petition. They also say, that when the second warrant was returned, the insolvent had not then returned to the state, was not present at said court, nor could it be then definitely ascertained where he was, or when he would return. Said Witherspoon was the only creditor at said court, and he was there simply to be heard on his motion; that he had proven no claim against his estate; and that said petition was dismissed and all proceedings under it, for want of suitable prosecution thereof, and for divers other good and sufficient reasons.

The answer concludes:—that if the plaintiff has sustained any damage, by reason of the dismissal of the said petition, it is simply in the delay for which he has a complete, adequate and exclusive remedy at law. The defendants further claimed to have the same benefits under their answer, as if they had demurred to the bill.

The judge presiding in the court of insolvency when the first warrant was issued, and his successor in office, were made parties to the bill.

The case was submitted on bill, answer and proofs. The proof introduced by the plaintiff consists of the records of the court of insolvency, his own testimony and that of his solicitor, a report of which becomes unnecessary, by reason of the view of the case taken, in the opinion of the full court.

*C. E. Littlefield*, for plaintiff.

Legal question here presented, same as raised by demurrer to bill, and settled in plaintiff's favor, no exceptions having been taken to the ruling. That ruling conclusive. *Treat* v. *Treat*, 80 Maine, 156, 161. Plaintiff has been deprived of his legal rights. The decree of the judge on the petition under R. S., c. 70, § 15, shows that the "facts therein stated" have "been satisfactorily made to appear." Under § 16, the judge was bound to issue his warrant. There was no subsequent failure, or absence of jurisdictional facts. Having jurisdiction of the debtor, and his estate he had no right to dismiss the case. No statute authority to do it. Rights of insolvent, once in court, not dependent on the caprice of the judge, who should see that statute provisions are executed,—the debtor, "prosecuting" or not, the proceedings.

If proceedings do not become effective by reason of defective

service, etc., court has power to make effective by new service, or issue a new warrant. Filing the petition and issuing warrant divested debtor of his estate. *Judd* v. *Ives*, 4 Met. 401, 408; *Perry* v. *Manf. Co.*, 10 Law Rep. 264. No failure of the officer or neglect can revest it in him. Otherwise the debtor may pass his estate into the custody of the court, and withdraw it at his pleasure. Every court may correct its own proceedings, and cause them to be "had with due regularity." *In re* Hall, 2 B. R., 192. May order a second adjournment to perfect notice, *In re Devlein*, 1 B. R. 38, or issue a new warrant, *In re Schapeler*, 3 B. R. 170.

Debtor was deprived, by the dismissal, of his after-acquired property *quoad* his creditors who are affected by the insolvency proceedings.

*Montgomery and Montgomery*, for defendants.

Plaintiff no where claims that he is any way injured by the dismissal of his petition. The facts show no injury to him or any creditor. His absence, uncertainty of his return, lack of schedules and list of assets, no claims proved, and general uncertainty caused the court to dismiss the petition. Where is the damage to the plaintiff? No accumulation of new property appears. He could file a new petition on his return.

Supervisory powers over insolvent court to be exercised with great caution; not in cases of laches, but only where the party is aggrieved and has pursued his case diligently. *Lancaster* v. *Choate*, 5 Allen, 530, 538; *Bird* v. *Cleveland*, 78 Maine, 528.

It is not sufficient for overruling the decree of dismissal that this court might have decided differently, or that the judge of the insolvent court assigns no strictly legal reasons for his action. *Twitchell* v. *Blaney*, 75 Maine, 581, 582. Plaintiff was not a resident of the state. *Parsons* v. *Bangor*, 61 Maine, 459.

PETERS, C. J. A debtor, adjudged an insolvent upon his own petition, under R. S., c. 70, §§ 15 and 16, failed or neglected to furnish the messenger, with a list of assets and schedule of his creditors, in season to give them notice of the first meeting. He went out of the state, for temporary purposes, about the time he

filed his petition, and left the list and schedule with his attorney, or a friend, to be delivered to the messenger when called for. His attorney, who could not find them at the time, on the return day of the warrant, having discovered the missing papers, moved for a new warrant, which was duly issued and served.

When the first warrant was returned, one of his creditors filed a motion to dismiss the proceedings; but no reason was stated in the motion as the grounds for dismissal. The court ordered a hearing on the motion, to take place upon the return day of the second warrant. When the messenger returned the second warrant, no further proceedings took place under it, but the court proceeded to hear the motion to dismiss; and it was granted.

The debtor now seeks by his bill, under § 13, to have these proceedings, ending in a dismissal, revised and his case restored.

We think the court below erred in dismissing the case. No reasons, in the motion to dismiss, were assigned, from which it appears upon what grounds the action of the court was predicated. The facts upon which the court must have passed are not proved. We are, therefore, unable to determine whether the dismissal was ordered under a mistake of the law, or a mistaken exercise of discretionary authority. Without deciding what power resides in a court of insolvency, in the absence of any statute provision, to dismiss a petition because of laches of the petitioner, we think the case as presented on the bill, shows a dismissal without a cause being assigned.

Doubtless, at the hearing upon the motion, reasons were orally given, which were sufficient to induce the court to make the decree here complained of; but the defendants have failed to show what those reasons were. The decree of dismissal is in the nature of a judgment. The particular state of facts necessary to sustain it will not be presumed. If such facts do not appear in the jurisdiction exercised by courts of record, dependent upon special statutes, the judgment will be treated as void. Freem. Judgments, § 123.

It has been held that a voluntary bankrupt cannot withdraw his petition at his own pleasure, but must show good reason for doing so. The creditors have an interest in the proceedings from

the moment that the petition is filed. Under our statute, the filing of the petition divests the debtor of his estate. We fail to find any case where, after adjudication, a petition has been dismissed without the concurrence and consent of all creditors. Upon reason and authority the same principle should apply to the creditor who moves for the dismissal of a petition. As all the creditors are interested in the case, their rights should be protected. The dismissal of a petition in insolvency, after an adjudication and the issuing of a warrant, should take place only after proper notice and opportunity for hearing of all parties interested. Such we understand is the well settled practice.

For these reasons, we think the decree complained of can not be sustained and should be reversed.

The defendants urge the fact that the plaintiff does not claim or prove he was injured by the dismissal of his petition. We are not convinced that this is the correct view of the law. The debtor and his creditors were improperly deprived, by the decree, of their legal rights under the statute, and it is not, therefore, necessary to consider how they may have been otherwise affected.

We do not deem it necessary to determine the effect which the issuing of a second warrant had upon the motion to dismiss. It is evident that both could not be granted, at the same time, and remain in full force and effect.

As the bill concerns two of the defendants, in their official capacity, no costs should be taxed against them. Costs are allowed against the other defendant.

*Bill sustained.*

WALTON, DANFORTH, VIRGIN, LIBBEY and EMERY, JJ., concurred.